## Clark, *Administrator, versus* Pishon.

In an action by one, who sues as administrator, the general issue or a plea in bar admits him to be administrator. If the defendant would deny that the plaintiff is administrator, he must plead in abatement.

In such an action, the general issue may be rejected, if it purport to reserve to the defendant a right of denying that the plaintiff is administrator.

Clark *v.* Pishon.

In such an action, under the general issue, it is not allowable for the defendant to introduce the Probate records, for the purpose of showing that there were such irregularities in the Probate proceedings, as would vacate the plaintiff's appointment.

A decree of the Probate Court, appointing an administrator, is conclusive, unless appealed from.

A person to whose order money, belonging to an estate, was paid before an administrator was appointed, is accountable therefor, (without previous demand), to the administrator when appointed, although the money or the avails of it never came to his actual use.

Depositions, taken out of the State, may be received or rejected at the discretion of the court.

EXCEPTIONS from the District Court, RICE, J.

Assumpsit for money had and received. The defendant pleaded in bar that the plaintiff was not administrator. The court rejected the plea. The defendant then pleaded the general issue, with a protest that he did not waive the defence, set up in the plea in bar, but reserved the right to avail himself of it in any stage of the case. This plea was also rejected. The defendant then pleaded the general issue.

The plaintiff offered two depositions, taken out of the State. The defendant objected to them, because sufficient notice had not been given to the adverse party, and because the captions did not show that the deponents were "first sworn;" and because not taken in the presence and under the direction of the commissioner.

The depositions were received.

There was evidence tending to show that one Albert Pishon, son of the defendant, died in Ohio, unmarried and without issue ; that defendant, in writing, authorized one Wright to proceed to Ohio, and collect what he could of Albert's estate ; that Wright collected $60 in cash, in doing which he expended over $100, and that he had never paid any thing to the defendant.

The defendant offered to prove, by the records of the Probate Court, that, without any citation to the kindred of the plaintiff's intestate, the plaintiff was appointed administrator though he was not of said kindred. This evidence was excluded.

Clark *v.* Pishon.

The court instructed the jury, that, if the defendant authorized Wright to receive said sixty dollars, and if, as defendant's agent, Wright did receive it, the defendant would be responsible in this action, although no part of it had ever been paid to him. The verdict was for the plaintiff.

*H. A. Smith*, for defendant.

That the plaintiff was never administrator, is a good plea in bar. It is said to belong to a class of pleas, good either in abatement or in bar. Lawes' Pl. 38 ; 11 Mass. 316.

The defendant could not have given the plaintiff a better writ. 21 Maine, 265. If plaintiff was not administrator, the plea is not dilatory, but in perpetual disability, and therefore an absolute bar. 1 Chit. Pl. 395, 430 ; Story's Plead. 192 ; 26 Maine, 277. This is not like the case of an administrator suing for causes of action accruing to the intestate. Here the plaintiff sues on a claim accruing to himself. Stark. Ev., title Executors and Administrators.

It was the defendant's right to plead with the protest, reserving his rights.

The depositions ought to have been excluded. The notice to defendant was too short by one day ; the deponents were not first sworn, neither does it appear that they were in the presence, and under the direction of the commissioner. R. S. 133, sect. 4 ; 24 Maine, 171.

Depositions, taken out of the State, as well as others, must be taken "in conformity to the laws of the State." 3 Pick. 14.

The term "deposition," has a technical meaning, viz : — "testimony, taken in the mode prescribed by law." These were not depositions.

The instruction was wrong, because : —

1. Whatever was done by defendant or his agent, was prior to plaintiff's appointment. Defendant then, as heir to his son, had a right to the custody of the property, subject to a demand by the administrator. No such demand was proved.

2. The Probate Court has jurisdiction only of property, "left within the county," or "which may afterwards be found .

in the county." All of the $60 was expended in the journey, and of course none of it came to this county.

The Judge of Probate had no right to appoint the plaintiff, without previously citing in the kindred of the intestate. It was the defendant's right to administer. The decree of the Probate Court is not final. R. S. chap. 106.

*Lancaster*, for plaintiff. .

HOWARD, J., orally. — By pleading in bar, the defendant admitted the plaintiff's capacity, though in the very plea he denies it. There was an incongruity. The plea was rightfully rejected. So also was the plea containing the protest. Perhaps the protest might have been deemed surplusage, but the Judge had the right to reject the whole.

The allowance of the depositions was at the discretion of the Judge. R. S. chap..133, sect. 22.

The Probate Court had jurisdiction in the appointment of the administrator. His decree is conclusive, except when appealed from. The evidence, offered on that point, was properly excluded.                    *Exceptions overruled.*